UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
UNITED STATES OF AMERICA,

- against -                                                    **MEMORANDUM & ORDER**

STANLEY BURRELL,                                               No. 97-CR-998-1 (RJD)

Defendant.
----------------------------------------------------------- x
RAYMOND J. DEARIE, District Judge:

In March 1999, a jury convicted defendant Stanley Burrell of conspiring to possess and distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841 and 846, and of organizing a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. Based upon findings within the presentence report, the Honorable Eugene H. Nickerson found Mr. Burrell accountable for the distribution of 61.54 kilograms of crack cocaine and 1.38 kilograms of heroin. At sentencing in April 2000, Judge Nickerson determined, pursuant to U.S.S.G. § 2D1.1(c)(1), that Mr. Burrell's base offense level was 38, and adjusted the base offense level upward by four levels under the CCE guideline, U.S.S.G. § 2D1.5(a)(1), and by another two levels for defendant's possession of a firearm during the conspiracy, U.S.S.G. § 2D1.1(b)(1). In total, Judge Nickerson calculated Mr. Burrell's offense level as 44, which carried a guideline requirement of life imprisonment.[1] Judge Nickerson imposed consecutive sentences of life imprisonment.

On appeal, the Second Circuit affirmed Mr. Burrell's conviction on the CCE count and upheld the sentencing guidelines determination, but vacated the conspiracy conviction as a lesser included offense of the CCE charge. In April 2005, as mandated by the Second Circuit, this

---

[1] While Mr. Burrell's criminal history category was a VI, that played no role in the ultimate sentence imposed because an offense level of 43 or higher carried a guideline requirement of life imprisonment regardless of the criminal history category.

1

Court entered an amended judgment reflecting the conspiracy count's dismissal. On further appeal to the Second Circuit, Mr. Burrell then challenged his life sentence for the CCE conviction on the ground that the sentence violated the principles set forth in United States v. Booker, 543 U.S. 220 (2005). The Second Circuit affirmed the entry of the amended judgement.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. Amendment 782 generally reduces the offense levels for drug offenses by two levels.

Mr. Burrell filed a *pro se* application for a sentence reduction pursuant to Amendment 782 on April 16, 2015. The Probation Department made a submission to the Court and the parties, indicating its assessment that Mr. Burrell is not eligible for a sentencing reduction under Amendments 782 and 788. The Government responded on July 28, 2015, concurring in the Probation Department's assessment that Mr. Burrell is not eligible for a sentencing reduction.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must engage in a 'two-step approach.'" United States v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). At step one, the court "must consider whether the defendant is eligible for a reduction

by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013). The amended Sentencing Guidelines range must be lower than the range that was applied at sentencing in order for a defendant to be eligible for a reduction. See Dillon, 560 U.S. at 822 (quoting U.S.S.G. § 1B1.10(b)(2)(A)) ("[Section] 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'").[2] "If, and only if, a defendant is eligible for a reduction in sentence . . . then the second step of the analytical framework . . . requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 560 U.S. at 827). A retroactive amendment to the Guidelines "merely authorizes a reduction in sentence; it does not require one." United States v. Rivera, 662 F.3d 166, 170 (2d Cir. 2011).

Applying this approach, Mr. Burrell is not eligible for a sentence reduction under Amendments 782 and 788. As noted, Judge Nickerson held Mr. Burrell accountable for the distribution of 61.54 kilograms of crack cocaine and 1.38 kilograms of heroin (the marijuana equivalent of 221,139.34 kilograms). Mr. Burrell's base offense level was calculated as 38 because he was found to be responsible for "1.5 KG or more of cocaine base" or alternatively "30,000 KG or more of Marihuana." U.S.S.G. § 2D1.1(c)(1) (2000). While Amendment 782 altered the drug quantity table, it does not alter the calculation of Mr. Burrell's base level offense. Under the amended Guidelines, Mr. Burrell's base offense level is still 38 because he

---

[2] The only exception to this rule permitting the Court to reduce a defendant's sentence further is if the government has made a motion under § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b) reflecting the defendant's substantial assistance to the authorities. See U.S.S.G. § 1B1.10(2)(b) & cmt. n.3. No such motion has been made by the Government in this case.

3

was found responsible for "25.2 KG or more of cocaine base" or alternatively "90,000 KG or more of Marihuana." U.S.S.G. § 2D1.1(c)(1) (2014). In other words, because Mr. Burrell was responsible for a greater quantity of drugs than the new upper limits in § 2D1.1(c)(1), his base offense level if sentenced today would still be the maximum level of 38. Thus, Amendment 782's revisions to the drug quantity tables do not lower Mr. Burrell's guideline range, and he is not entitled to a sentence reduction. See United States v. Barocio, No. 95-CR-476 (HG), 2015 WL 4064530, at *2 (D. Haw. July 1, 2015); United States v. Mosley, No. 99-CR-544, 2015 WL 1926127, at *1 (N.D. Ill. Apr. 24, 2015); United States v. Gonzalez, No. 94-CR-5011 (LJO), 2015 WL 854206, at *1 (E.D. Cal. Feb. 26, 2015). The Court may not lower a defendant's sentence, where, as here, an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

For the reasons stated above, Mr. Burrell's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 26, 2015

s/Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge