UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-                                   **MEMORANDUM AND ORDER**

STANLEY BURRELL,                           Case No. 1:97-CR-00998-1

                 Defendant.
---------------------------------------------------------------X
DEARIE, District Judge

      Defendant Stanley Burrell, who is serving a life sentence for heading a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, moves the Court under 18 U.S.C. § 3582(c) for compassionate release based on his "age and health as high risk factors [for] covid 19." See Burrell Mot., Dkt. No. 476, at 2. The Court assumes the parties' familiarity with Mr. Burrell's trial, post-conviction filings, and the resulting decisions of this Court and the Second Circuit Court of Appeals. See, e.g., USCA Mandate, Dkt. No. 459, at 2-5. For the following reasons, Mr. Burrell's motion is denied.

      The compassionate release statute empowers the Court to reduce Mr. Burrell's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," the factors outlined in 18 U.S.C. § 3553(a) support release, and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because neither party has provided the Court with the exact date of Mr. Burrell's application to the warden of Otisville Federal Correctional Institution ("FCI Otisville") for compassionate release and given the time that has elapsed since Defendant filed this motion, the Court assumes without deciding that Mr. Burrell has exhausted his administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A).

      The Court cannot find that "extraordinary and compelling reasons" warrant a sentence

reduction. Mr. Burrell provides no specific information to support his alleged "high-risk" classification. According to his recent Bureau of Prisons ("BOP") medical records, as supplied by the Government, Defendant's age and medical history do not place him in any of the Centers for Disease Control and Prevention's high-risk categories for severe illness from COVID-19.[1] See Gov. Opp., Dkt. No. 477, Ex. A. Additionally, his risk of contracting COVID-19 at FCI Otisville is relatively low, as there is only one open case of COVID-19 amongst staff and no inmates are currently known to be infected.[2]

The § 3553(a) factors and Sentencing Commission policy statements also weigh against release. Mr. Burrell is incarcerated for operating a substantial cocaine base and heroine distribution network in and around a public housing project from approximately 1990 to 1997. See United States v. Burrell, 289 F.3d 220, 222 (2d Cir.), supplemented, 43 F. App'x 403 (2d Cir. 2002). His criminal record is replete with prior incidents of criminal conduct, including violent conduct, and his instant offense was committed while on parole. See PSR ¶¶ 43-53, 55.

Finally, Mr. Burrell seeks clarification on the status of his First Step Act motion. See Burrell Mot. at 2. Mr. Burrell's February 1, 2019 motion for a sentence reduction pursuant to the First Step Act remains pending, Dkt No. 469, and his request for appointment of counsel in connection with such motion, Dkt. 475, was denied by electronic order on September 24, 2019.

For the foregoing reasons, Mr. Burrell's motion for compassionate release is denied.

SO ORDERED.

Dated: Brooklyn, New York
       June 2, 2020

/s/ Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge

---

[1] See CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed: June 1, 2020).

[2] See BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed: June 1, 2020).